IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| WILLIAM WEST, | § | |
| | § | |
| Plaintiff Below, | § | No. 12, 2021 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| ACCESS CONTROL RELATED | § | C.A. No. N17C-11-137 |
| ENTERPRISES, LLC, LLR | § | |
| EQUITY PARTNERS, IV, L.P., LLR | § | |
| EQUITY PARTNERS PARALLEL | § | |
| IV, L.P., SETH LEHR, DAVID | § | |
| STIENES, GREG CASE, ROBERT | § | |
| CHEFITZ, and JOSEPH GRILLO, | § | |
| | § | |
| Defendants Below, | § | |
| Appellees. | § | |
| | § | |

Submitted: January 27, 2021
Decided: February 15, 2021

Before **SEITZ**, Chief Justice; **VALIHURA** and **MONTGOMERY-REEVES**, Justices.

### **ORDER**

After careful consideration of the notice of interlocutory appeal, the supplemental notices of interlocutory appeal, the exhibits to those notices, and a review of the Superior Court docket,[1] it appears to the Court that:

---

[1] Review of this docket was necessary as the interlocutory appeal papers provided limited information about the nature and procedural background of the case.

(1)     The plaintiff below-appellant, William West, has petitioned this Court, under Supreme Court Rule 42, to accept an appeal from the Superior Court's bench ruling that denied West's motion to maintain transfer order and to dismiss without prejudice.  This litigation arises from termination of the employment relationship between West and defendant below-appellee, Access Control Related Enterprises, LLC ("ACRE"), a Delaware limited liability company.  Defendants below-appellees LLR Equity Partners, IV L.P. and LLR Equity Partners Parallel, IV L.P. (collectively, "LLR") are Delaware limited partnerships that invested in ACRE.  The individual defendants below-appellees are ACRE board members (collectively with ACRE and LLR, "Defendants").  There were multiple agreements between the parties that included Delaware forum selection clauses.

(2)     West originally filed a complaint against Defendants in California state court.  After the California court stayed the litigation on *forum non conveniens* grounds as requested by Defendants,  West filed his complaint in the Superior Court in November 2017.[2] West asserted claims for wrongful termination, breach of contract, conversion, breach of fiduciary duty, and a declaratory judgment.

---

[2] West first filed his complaint in the United States District Court for the District of Delaware, but voluntarily dismissed the case after Defendants moved to dismiss for lack of subject matter jurisdiction.

2

(3) Defendants filed a motion to dismiss for lack of jurisdiction or, in the alterative, to transfer the case to the Court of Chancery. On June 13, 2018, the Superior Court granted the motion to dismiss as to the breach of fiduciary duty claim and transferred that claim to the Court of Chancery. The Superior Court denied the motion to dismiss as to the remaining claims. West voluntarily dismissed the breach of fiduciary duty claim without prejudice and filed an amended complaint asserting additional claims. The parties proceeded with fact and expert discovery in the Superior Court.

(4) In December 2019, Defendants filed a renewed motion to dismiss for lack of subject matter jurisdiction or, in the alternative, to transfer to the Court of Chancery. On January 3, 2020, Defendants filed a motion to strike the demand for a jury trial. On January 29, 2020, the Superior Court concluded that it was necessary to transfer the case to the Court of Chancery because resolution of the case would require interpretation of an agreement between the parties that included a forum selection clause specifying the United States District Court for the District of Delaware or the Court of Chancery. The Superior Court found the motion to strike the jury demand moot in light of the transfer, and best resolved by the Court of Chancery.

(5) West then filed a motion to lift the stay in California, arguing that it was necessary to preserve his right to a jury trial. Defendants filed a notice of election

3

in the Superior Court to transfer the case to the Court of Chancery. West filed a motion to stay the Superior Court proceedings pending resolution of his motion to lift the stay in California. Defendants opposed the motion.

(6)    On July 29, 2020, the California court accepted West's argument that transfer of the Superior Court case to the Court of Chancery would deprive him of his right to a jury trial and lifted the stay of the California proceedings. Defendants advised the California court and the Superior Court that they would withdraw their request to transfer the case to the Court of Chancery and proceed with a jury trial in the Superior Court. After an August 20, 2020 status conference with the parties, the Superior Court entered an order providing that: (i) any request to dismiss the case would be heard after the motion was filed; (ii) the Superior Court would continue to exercise jurisdiction over the case; and (iii) the Superior Court would schedule a jury trial at the earliest practicable date once jury trials resumed.

(7)    On August 31, 2020, West filed a motion to maintain the Superior Court's transfer order and to dismiss the case without prejudice so he could proceed with a jury trial in his originally chosen jurisdiction of California. Defendants opposed the motion. On December 9, 2020, the Superior Court denied the motion to dismiss without prejudice. The Superior Court relied on previous rulings that West had entered into agreements with Delaware forum selection clauses and found that it would be possible to have a jury trial in Delaware.

(8) On January 8, 2021, West filed an application for certification of an interlocutory appeal. He argued that certification was appropriate because the Superior Court's December 9, 2020 ruling satisfied all of the Rule 42(b)(iii) criteria. On January 9, 2021, West filed a motion to extend the time to file an application for certification in the Superior Court until January 8, 2021. He also asked for the Superior Court to make December 22, 2020 (the date upon which the parties received the transcript of the December 9, 2020 hearing) the effective date of the Superior Court's December 9, 2020 ruling. On January 12, 2021, the Superior Court granted West's motion. West filed his interlocutory appeal in this Court on January 9, 2021.

(9) Defendants opposed West's application for certification. On January 6, 2021, the Superior Court denied West's application for certification. The Superior Court concluded that denial of a voluntary motion dismiss in litigation that had been proceeding for several years did not determine a substantial issue of material importance. The Superior Court also found that none of the Rule 42(b)(iii) criteria were satisfied.

(10) Applications for interlocutory review are addressed to the sound discretion of the Court.[3] In the exercise of our discretion and giving due weight to the Superior Court's denial of the application for certification, this Court has concluded that the application for interlocutory review does not meet the strict

---

[3] Supr. Ct. R. 42(d)(v).

5

standards for certification under Supreme Court Rule 42(b). Exceptional circumstances that would merit interlocutory review of the Superior Court's interlocutory opinion do not exist in this case,[4] and the potential benefits of interlocutory review do not outweigh the inefficiency, disruption, and probable costs caused by an interlocutory appeal.[5] The parties have litigated this matter in the Superior Court since late 2017, discovery is complete, and the matter is ready for a jury trial in the Superior Court as West desired in January 2020.

NOW, THEREFORE, IT IS ORDERED that the interlocutory appeal is REFUSED. The filing fee paid by the appellant shall be applied to any future appeal he files from a final order entered in the case.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice

---

[4] Supr. Ct. R. 42(b)(ii).
[5] Supr. Ct. R. 42(b)(iii).

6